**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**


HAWK TECHNOLOGY SYSTEMS, LLC,  )
                                )
        Plaintiff,               )      Case No:  16-cv-13817
                                )
v.                              )
                                )
CINEMARK USA, INC.,             )
                                )
        Defendant.               )
                                )

## COMPLAINT

Plaintiff, Hawk Technology Systems, LLC ("Hawk"), hereby sues Cinemark USA, Inc. ("Cinemark") and alleges:

## NATURE OF THE ACTION

1.      Cinemark infringed Claim 12 ("Claim 12") of United States Patent No. RE43,462 ('462 Patent), or one or more of Claim 12's dependent claims.  The '462 Patent is a reissue of United States Patent No. 5,625,410 (the '410 Patent).  The independent claims in the reissued '462 Patent are substantially identical to the corresponding claims in the original '410 Patent.

2.      The abstract for the '462 Patent states:

A PC-based system for monitoring and storing representative images from video cameras which may be utilized for security or other monitoring applications. Camera inputs from digital or analog sources are individually and independently digitized and displayed at a first set of image sizes, sampling rates, and frame rates, and may be stored in digital form on various recording media at a second set of image sizes, sampling rates, and frame rates, and these two sets of sizes and rates may or may not be identical.  Provisions are included for adding detection or alarm systems which will automatically alter image size, sampling rate and/or frame rate of an individual input source, or activate other physical responses. In addition to security system monitoring, further applications of the invention are

1

disclosed for process monitoring in manufacturing environments and also for applications in videoconferencing.

## PARTIES

3.      Hawk is a limited liability company organized and existing under the laws of the state of Florida and maintains its principal place of business at 2 South Biscayne Blvd., Suite 3800, Miami, Florida 33131.

4.      Cinemark is a corporation organized and existing under the laws of the state of Texas and registered to conduct business in the state of Michigan.

5.      Cinemark's registered agent is CSC-Lawyers Incorporating Service (Company) and its registered office address is located at 601 Abbott Road East, Lansing, Michigan 48823.

6.      Cinemark owns and operates movie theaters around the country including at least two in the cities of Ann Arbor and Flint which are located within the Eastern District of Michigan.

## JURISDICTION AND VENUE

7.      Pursuant to 28 U.S.C. §§ 1331 and 1338(a), this Court has original jurisdiction over the subject matter of this action because this is an action arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.*

8.      This court has personal jurisdiction over Cinemark because Cinemark (a) operates, conducts, engages in and/or or carries on a business in the state of Michigan; (b) committed tortious acts within the state of Michigan; and (c) is engaging in substantial and not isolated activity within the state of Michigan.

9.      Pursuant to 28 U.S.C. §§ 1391 and 1400(b), venue is proper in this district.

## GENERAL ALLEGATIONS

10.     Hawk Technology Systems was formed in 2012 to commercialize the inventions of its founder, Barry Schwab.

11.     Mr. Ken Washino and Mr. Schwab invented what is claimed by the '462 Patent.

12.     Mr. Washino and Mr. Schwab have collaborated on a number of other pioneering inventions resulting in patents in the areas of video archiving, video downloading and digital cinema.

13.     Mr. Schwab also is a named inventor on more than thirty patents, ranging from consumer products to secure network computing.

14.     Hawk is the exclusive owner of all rights, title, and interest in the '462 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement thereof.

15.     Hawk became the owner of all rights, title, and interest in the '462 Patent by virtue of an assignment from Multi-Format, Inc., a New Jersey corporation ("MFI").

16.     MFI obtained its rights, title, and interest in the '462 Patent by virtue of an assignment from Messrs. Washino and Schwab.

## Claim 12 Of The '462 Patent

17.     Claim 12 of the '462 patent states:

The method of simultaneously displaying and storing multiple video images, comprising the steps of:

receiving video images at a personal computer based system from one or more sources;

digitizing any of the images not already in digital form using an analog-to-digital converter;

displaying at least certain of the digitized images in separate windows on a personal computer based display device, using a first set of temporal and spatial parameters associated with each image in each window;

converting one or more of the video source images into a data storage format using a second set of temporal and spatial parameters associated with each image; and

simultaneously storing the converted images in a storage device.
('462 Patent, Col. 11, line 62 – Col. 12, line 10).

18.     By reviewing publically available information, including the article attached hereto as Exhibit A, Hawk learned that Cinemark infringed Claim 12 of the '462 Patent.

19.     A claim chart, attached as Exhibit B, explains how Cinemark performs each step of method Claim 12.

20.     All conditions precedent to bringing this action have occurred or been waived.

21.     Hawk has retained counsel to represent it in this matter and is obligated to pay its counsel a reasonable fee for its services.

22.     Pursuant to 35 U.S.C. § 285, Hawk is entitled to recover its attorneys' fees.

23.     For the avoidance of doubt, Hawk only seeks damages which are not barred by the statute of limitations for infringement that occurred prior to the patent expiring on April 29, 2014.

## COUNT I: DIRECT INFRINGEMENT OF THE '462 PATENT

24.     The allegations contained in paragraphs 1-22 above are hereby re-alleged as if fully set forth herein.

25.     Without Hawk's authorization, Cinemark infringed Claim 12 of the '462 Patent or one or more of Claim 12's dependent claims.

26.     Hawk has been damaged by Cinemark's infringement.

**WHEREFORE**, Hawk Technology Systems, LLC respectfully requests the Court:

A.      Enter a judgment finding that Cinemark USA, Inc. directly infringed Claim 12 of the '462 Patent or one of Claim 12's dependent claims.

B.      Pursuant to 35 U.S.C. § 284, order Cinemark USA, Inc. to pay damages adequate to compensate for the infringement, but in no event less than a reasonable royalty, together with interest and costs;

C.      Find this to be an exceptional case of patent infringement under 35 U.S.C. § 285 and award reasonable attorneys' fees, costs, and expenses incurred by Hawk in prosecuting this action; and

D.      Award such other and further relief as the Court deems just and proper.

## JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 26, 2016

Respectfully submitted,


/s/Marc I. Shulman, Esq.
Marc I. Shulman, Esq.
Email: marc_shulman@hotmail.com
Marc Shulman & Associates, PC
26611 Woodward Ave.
Huntington Woods, MI 48070
*Counsel for Plaintiff,*
*Hawk Technology Systems, LLC*